UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, <br><br> Plaintiffs, <br><br> v. <br><br> BOS AND SON, INC., an Illinois corporation, and VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH, individually, <br><br> Defendants. | Case No.: 08 C 50157 <br><br> Honorable Judge Kapala <br><br> Magistrate Judge Mahoney |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, BOS AND SON, INC., an Illinois corporation, and VIKICA BILIC, individually, by their attorneys, Allocco, Miller & Cahill, P.C., answer Plaintiffs' Complaint as follows:

**COUNT I**
**(CLAIM UNDER ERISA FOR DELINQUENT CONTRIBUTIONS AGAINST BOS AND SON, INC.)**

1.     This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more fully

1

described below. Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

**ANSWER:** Defendants admit the allegations in Paragraph 2.

3. CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA

and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

**ANSWER:**  Defendants admit the allegations in Paragraph 3.

4.     The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**ANSWER:**  Defendants admit the allegations in Paragraph 4.

5.     CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

**ANSWER:**  Defendants admit the allegations in Paragraph 5.

6.     BOS AND SON, INC. is an Illinois corporation doing business in the Northern District of Illinois. BOS AND SON, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA,"29 U.S.C. §§ 1002(5) and 1002(14)(C).

**ANSWER:**  Defendants admit the allegations in Paragraph 6.

7.     BOS AND SON, INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its execution of one or more agreements, including but not limited to a memorandum of agreement entered into on or about October 1, 2000 (collectively, the "Memorandum of Agreement"; a signature page is attached as Exhibit A.)

**ANSWER:**  Defendants admit the allegations in Paragraph 7.

8.     BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

**ANSWER:**  Defendants admit the allegations in Paragraph 8.

9. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements, including but not limited to participation agreements entered into on or about October 1, 2000 and February 5, 2002 (attached as Exhibit B).

**ANSWER:** Defendants admit the allegations in Paragraph 9.

10. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it signed and submitted to the Funds.

**ANSWER:** Defendants admit the allegations in Paragraph 10.

11. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of its withholding of (some but not all) payroll amounts for employee fringe benefit contributions consistent with the Trust Agreements.

**ANSWER:** Defendants admit the allegations in Paragraph 11.

12. BOS AND SON, INC. became a party to and bound by the Trust Agreements by making (some but not all) employee fringe benefit contributions to the Funds.

**ANSWER:** Defendants admit the allegations in Paragraph 12.

13. Under the terms of the Collective Bargaining Agreement and Trust Agreements, BOS AND SON, INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

**ANSWER:** Defendants admit the allegations in Paragraph 13.

14. In or about June 24, 2008, the Funds conducted an audit of BOS AND SON, INC. for the period November 1, 2006 through May 31, 2008. The audit demonstrated that BOS AND

SON, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement. The unpaid amounts total not less than the following:

**Audit Liabilities (11/01/06 — 05/31/08):. .............................$42,504.55**

**Total: $42,504.55**

**ANSWER:** Defendants admit that an audit was conducted for the period November 1, 2006 through May 31, 2008 and that they failed to pay all contributions when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement. Defendants deny the remaining allegations in Paragraph 14.

15.     Audit costs, for which BOS AND SON, INC. is liable in accordance with the Trust Agreements, total not less than $1,393.38.

**ANSWER:** Defendants admit the allegations in Paragraph 15.

16.     Based on employer reports, BOS AND SON, INC. additionally failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

**Delinquent Contributions (09/2007):.......................................$2,578.47**

**Total:  $2,578.47**

**ANSWER:** Defendants deny the allegations in Paragraph 16.

17.     The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

**ANSWER:** Defendants admit the allegations in Paragraph 17.

18. Because contributions were not paid when due, BOS AND SON, INC. incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

Audit Liabilities (11/01/06 — 05/31/08):………………………………… $4,250.46

Delinquent Contributions (09/2007):.…………………………………….. $257.85

Liq. Dam. — Late Report / Payment (08/07 Local 32):…………………… $154.44

Liq. Dam. — Late Report / Payment (09/07 Local 32):…………………….. $121.94

Liq. Dam. — Late Report / Payment (11/07 Local 32):………………………$129.37

Liq. Dam. — Late Report / Payment (12/07 Local 32):……………………..$78.30

                                                        **Total:**     **$4,992.36**

**ANSWER:** Defendants deny the allegations in Paragraph 18.

19. The total amount owed by BOS AND SON, INC. pursuant to the Trust Agreements is not less than **$51,378.31**, consisting of not less than $42,504.55 in audit liabilities (i.e., delinquent fringe benefit contributions), not less than $1,393.38 in audit costs, not less than $2,578.47 in other delinquent fringe benefit contributions, not less than $4,992.36 in penalty assessments, plus a payment credit of $90.45.

**ANSWER:** Defendants deny the allegations in Paragraph 19.

20. BOS AND SON, INC. has failed and refused to pay the amount of $51,378.31 due Plaintiffs.

**ANSWER:** Defendants deny the allegations in Paragraph 20.

21. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendants deny the allegations in Paragraph 21.

22. Plaintiffs have been required to employ the undersigned attorneys to collect the monies due and owing from BOS AND SON, INC.

**ANSWER:** Defendants deny the allegations in Paragraph 22.

## COUNT II
### (AGAINST VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIM BILICH)

1.　　This Count I arises from a common nucleus of operative facts with Count I and is pendent to that count.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

2 - 23.　Plaintiffs reallege paragraphs 1 - 22 of Count I.

**ANSWER:** Defendants restate their answers to Paragraphs 2 – 22 of Count I.

24.　　Plaintiffs are advised and believe that VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of BOS AND SON, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that VIKICA BILICH is a director of BOS AND SON, INC.

**ANSWER:** Defendants admit the allegations in Paragraph 24.

25.　　Pursuant to the Memorandum of Agreement to which BOS AND SON, INC. agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

**ANSWER:** Defendants admit the allegations in Paragraph 25.

26.　　Pursuant to the Trust Agreements establishing the Funds, to which BOS AND SON, INC. and VIKICA BILICH agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

**ANSWER:** Defendants admit the allegations in Paragraph 26.

27.    Plaintiffs are informed and believe that VIKICA BILICH did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement, making VIKICA BILICH personally liable for the money owed to the Funds by BOS AND SON, INC.

**ANSWER:** Defendants admit that Vikica Bilich supervised and completed the report forms and signed the report forms and deny the remaining allegations in Paragraph 27.

28.    VIKICA BILICH, acting through and in conjunction with BOS AND SON, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, VIKICA BILICH, was defrauding the Funds, the Union and the company's employees. By engaging in such fraud and conspiracy, VIKICA BILICH is personally liable for the money owed to the Funds by BOS AND SON, INC.

**ANSWER:** Defendants deny the allegations in Paragraph 28.

## Conversion

29.    VIKICA BILICH, acting through and in conjunction with BOS AND SON, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, VIKICA BILICH was converting the assets of the Funds, the Union and the company's employees. By engaging in

such conversion and conspiracy, VIKICA BILICH is personally liable for the money owed to the Funds by BOS AND SON, INC.

**ANSWER:** Defendants deny the allegations in Paragraph 29.

### Breach of Fiduciary Duty

30. VIKICA BILICH, acting through and in conjunction with BOS AND SON, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, VIKICA BILICH assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility, making him personally liable for the money owed to the Funds by BOS AND SON, INC.

**ANSWER:** Defendants deny the allegations in Paragraph 30.

31. All fringe benefit contributions not paid by BOS AND SON, INC. when due became assets of the Funds within the meaning of 29 U.S.C. § 1002(21)(A). In exercising authority and control over such assets VIKICA BILICH assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility by failing to cause BOS AND SON, INC. to remit required contributions, making him personally liable for the money owed to the Funds by BOS AND SON, INC.

**ANSWER:** Defendants admit the allegations in Paragraph 31.

### Piercing the Corporate Veil

32. There is a unity of interest and ownership between BOS AND SON, INC. and VIKICA BILICH such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud,

promote injustice, and promote inequitable consequences, making VIKICA BILICH personally liable for the money owed to the Funds by BOS AND SON, INC.

**ANSWER:** Defendants deny the allegations in Paragraph 32.

        BOS AND SON, INC., an Illinois corporation, and VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH, individually

        /s/ Todd A. Miller
        Attorney for the Defendants

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 N. Paulina Street
Chicago, Illinois 60657
(773) 868-4841

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 4th day of August, 2008, which will send notice of such filings to the following:

Richard A. Toth
Daley and George, LLP
20 South Clark Street, Suite 400
Chicago, Illinois 60603
(312) 726-8797

                                      /s/ Todd A. Miller
                                   Attorney for the Defendants

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841